[No. 4531.]

GOTHARD v. THE PEOPLE.

1.  **Practice of Dentistry—Constitutional Law—Title of Act—Penalty.**

The act regulating the practice of dentistry, Session Laws 1897, page 144, is not subject to the objection that it is unconstitutional because its title does not show the substance of the body of the act or that a penalty is provided for its violation.

2.  **Practice of Dentistry—Constitutional Law—Class Legislation.**

The act regulating the practice of dentistry, Session Laws 1897, page 144, which restricts the practice to persons holding a diploma from a dental school, college or university duly authenticated by the laws of this or some other state, is not such class legislation as is inhibited by section 25 article 5 of the constitution.

*Error to the District Court of El Paso County.*

Mr. C. H. BRIERLY, for plaintiff in error.

Mr. N. C. MILLER, attorney general, Mr. I. B. MELVILLE and Mr. H. J. HERSEY, assistants attorney general, for the people.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The plaintiff in error, as defendant below, was found guilty of practicing dentistry without first having obtained a license therefor, which is made unlawful by a statute enacted in 1897, entitled: "An act to regulate the practice of dentistry and dental surgery in the state of Colorado," etc. Session Laws 1897, 144. From the sentence pronounced

against him defendant has brought the case here, and the only error assigned is that the act is unconstitutional, first, because its title does not show the substance of the body of the act, or that a penalty is provided for its violation; second, that it is class legislation, and therefore inhibited by section 25 of article 5 of our constitution.

Section 1 of the statute declares that it shall be unlawful for any person to practice dentistry or dental surgery in the state of Colorado, unless he shall first have obtained a license for such purpose as therein prescribed. Section 2 authorizes the appointment of a state board of dental examiners upon which the power is conferred and the duty imposed of executing its provisions. Section 4 declares that any person desiring to practice dentistry in this state shall first submit to an examination before the state board of dental examiners, touching his qualifications, and such applicant shall, with his application for examination, submit to the board, as a prerequisite to such examination, a diploma of graduation of some reputable dental college, school or university, duly authenticated by the laws of this state or some other of the United States. Section 5 says that persons who are in possession of such diplomas, upon deposit of the examination fee, shall be examined by the board at such times and under such rules as the board may prescribe, and all persons who are found qualified after such examination shall be registered in a record book, and receive a license from the board to practice dentistry in this state.

Section 7 relates to the penalty for a violation of the provisions of the act.

1. No argument is necessary to show the entire lack of merit in the first specification of error. The title as hereinbefore set out sufficiently indicates the substance of the act, its extent and scope, and em-

braces in its purview every provision thereof, and is broad enough to cover a penalty for its violation. Section 21 of article 5 of the constitution requires that the subject of an act shall be single, which must be clearly expressed in its title. That has been done here. The authorities cited by counsel in support of their contention are not in point.

2. The second assignment is based upon the proposition that because power is given by the statute to the state board to restrict the practice of dentistry to persons holding a diploma from a dental school, college or university of the class designated, without respect to the ability of the applicant to pass such an examination as may be conducted by the board itself, an unwarranted discrimination is thereby made in favor of those holding a diploma against those who do not, in favor of one class of citizens as against another.

This objection, made to acts of this, and similar, character, has been repeatedly overruled by many of the most respectable courts of the country. In *Harding v. The People,* 10 Colo. 387, it has, in principle, been declared untenable. While a citizen of the United States has the undoubted right, as was said in that case, quoting from an opinion of the United States supreme court, "to pursue any lawful profession in a lawful manner, nevertheless such pursuit is always subject to such reasonable restrictions as may be lawfully prescribed by the legislature of each state, in order to protect the public health and promote the general interests of society; and so long as such restrictions are reasonable, not arbitrary or oppressive, and leave the field open for every citizen of the United States who comes endowed with all the necessary qualifications to practice his profession, the law cannot be declared unconstitutional."

In the case of *Dent v. W. Virginia,* 129 U. S.

114, 124, it was said that "the nature and extent of the qualifications required must depend primarily upon the judgment of the state as to their necessity. If they are appropriate to the calling or profession and attainable by reasonable study or application, no objection to their validity can be raised, because of their stringency or difficulty. It is only when they have no relation to such calling or profession, or are unattainable by such reasonable study or application that they can operate to deprive one of his right to pursue a lawful vocation."

Applying these tests to this statute, we cannot say that the restrictions upon the right to practice dentistry contained therein have no relation to such profession, or are arbitrary, or that the qualifications thereby prescribed are unattainable by reasonable study and application. Every citizen who desires to practice dentistry is accorded the same opportunity and is bound by the same restrictions, which are applicable to all, and we cannot say that it is an unreasonable restriction that only such persons as hold a diploma from some authorized dental school are entitled to take the examination or fit to practice dentistry. The great mass of the people are unable to determine for themselves the qualifications of those who hold themselves out as practitioners of this important and highly useful art, and the general assembly, in the exercise of its police power, which is inherent in every state, may prescribe such reasonable regulations as are found in this act.

Other cases in support of our conclusion are:— *State v. Creditor,* 44 Kan. 565; *State v. Randolph,* 23 Ore. 74; *State v. Knowles,* 90 Md. 646; *State of Minn. v. Vandersluis,* 42 Minn. 129; *Ex parte Spinney,* 10 Nev. 323; *Hewitt v. Charier,* 16 Pick. 353, 356. See, also, note of editor appended to *Louisville*

*Safety V. & T. Co. v. Louisville & N. R. Co.,* 14 L.
R. A. 579.
    The judgment is affirmed.              *Affirmed.*