No. 12,108.

PEOPLE, EX REL. MAHURIN, ET AL. *v.* STATE BOARD OF
DENTAL EXAMINERS.

Decided March 4, 1929.

Mr. FRANK B. GOUDY, Mr. EDWARD L. WOOD, Mr. JAMES
D. PARRIOTT, Mr. LOWELL D. HUNT, for plaintiffs in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr.
JEAN S. BREITENSTEIN, Assistant, for defendants in error.

MR. CHARLES H. HAINES, Mr. SAMUEL H. CROSBY, amici
curiae.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the
court.

PAINLESS Parker Dentist, a California private corporation, and four individuals, employees of this corporation, licensed dentists, who perform its dental work, filed in the district court of the City and County of Denver their petition for a writ of prohibition against the state board of dental examiners of the state of Colorado, and the individual members thereof, to restrain and prohibit the respondents from continuing to hear and pass upon or take any further action in certain proceedings instituted before the board to revoke the licenses of the individual petitioners, licensed dentists, for alleged unprofessional conduct. An amended petition was filed and the alternative writ was issued as prayed, to which the respondents' motion to quash was sustained, the rule to show cause quashed and the petition dismissed. The petitioners elected to stand by their amended petition. Judgment went for respondents and petitioners are here with their writ of error.

The grounds relied upon by the petitioners for the extraordinary writ of prohibition are embodied in seven different statements or designated causes of action, the first of which is the personal interest of the members of the respondent board in the outcome of the proceeding, which disqualifies them to act; the second that the facts set forth in the complaint or information filed with the board are insufficient to charge the petitioners with any violation of professional duties; third that the charges of unprofessional and dishonorable conduct are not sufficient to vest in the respondent board jurisdiction to revoke their licenses. The fifth, sixth and seventh causes are the alleged unconstitutionality of certain sections of our statute concerning the regulation of the practice of dentistry. The alleged fourth cause of action is the one that is important here and it is stated with greater fullness. This ground of objection to the proceeding instituted before the board says that the sole and only question involved therein is the legal right of Painless Parker Dentist, a corporation, and one of the petitioners

herein, to own, conduct, and maintain dental offices in the state of Colorado, and to employ regularly licensed dentists therein; that said question is purely a question of law and is one to be decided exclusively by the courts of the state of Colorado and is a question over which the respondent board possesses no authority or jurisdiction under the Colorado laws; that there is now pending in the district court of the City and County of Denver, case No. 99010, which is a quo warranto proceeding involving said question, and that a decision has been rendered thereon in favor of said corporation and is now final and conclusive unless and until the same should be reversed by the Supreme Court of Colorado. It will be observed from the foregoing that the petitioners here attempted to, and did, assert that the judgment of the district court in the quo warranto proceeding constituted a holding that the Painless Parker Dentist corporation was not unlawfully practicing dentistry in Colorado. To the judgment dismissing the quo warranto proceeding, the people prosecuted a writ of error to this court and on this day a decision was handed down therein reversing the judgment of the district court and ordering it, in lieu thereof, to enter a judgment of ouster against the Painless Parker Dentist corporation on the ground that it was unlawfully practicing dentistry in the state of Colorado.

At the oral argument of the cause now before us, in response to a question by the court, one of the attorneys for plaintiffs in error here, who are petitioners for the writ of prohibition below, said that if decision by us in what may be called the companion case, No. 12050, in this court, entitled People of the State of Colorado v. Painless Parker Dentist, a corporation, both of which cases were argued orally here on the same day, should be in favor of the plaintiffs in error there and against the Painless Parker Dentist, a corporation, such a decision would be conclusive against the plaintiffs in error in this review of the prohibition case. We are of the opinion that our decision in cause No. 12050 is conclusive against

the plaintiffs in error here. They were right in their statement in the fourth cause of action in their petition that the only question involved in the quo warranto proceeding is the legal right of the Painless Parker Dentist, a corporation, to practice dentistry in this state, and to employ regularly licensed dentists therein. That is a question of law which we have decided in the companion case to this, adversely to the contention of the Painless Parker Dentist and its employees. We held there that this corporation does not have the legal right to practice dentistry in Colorado or the legal right to employ licensed dentists to practice dentistry in its name and in its behalf. The petitioners are not in a position to be heard with their constitutional objections on the other grounds or causes of action set up in their petition.

It follows, therefore, that the judgment of the district court in this cause was right and it is accordingly affirmed.