## No. 12,050.

## THE PEOPLE v. PAINLESS PARKER DENTIST.

Decided March 4, 1929. Rehearing 'denied March 25, 1929.

Mr. Foster Cline, Mr. Charles H. Haines, Mr. Samuel H. Crosby, for the people.

Mr. Frank B. Goudy, Mr. Edward L. Wood, Mr. James D. Parriott, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

The district attorney, in the name of the people, brought this action under chapter 28 of our Code of Civil Procedure against "Painless Parker Dentist," a Cali-

fornia private corporation, for unlawfully usurping the franchise of practicing dentistry in the state of Colorado without having procured a license therefor, as our statute on the subject requires. The trial court sustained the defendant's general demurrer to the complaint and dismissed the action at plaintiff's costs. Its ruling was "more particularly" based on its conception that no franchise, as contemplated by our usurpation chapter, is involved and no public interest is shown. If the ruling is right for any legal reason, it is immaterial on what particular ground the trial court held the complaint defective. But since the particular ground mentioned was persuasive with the court below, and because the briefs of the defendant on this review take so wide a range, and therein are discussed so exhaustively questions of fact that are not in the complaint, but which are in direct conflict therewith, we shall first summarize the allegations of the complaint so that the reader may know what the admitted facts of the complaint are which the trial court held do not entitle the people to any relief.

The complaint alleges that the defendant is a corporation organized under the laws of the state of California; that it has never obtained or held, and does not now hold, and because the defendant is a corporation it is not eligible to obtain or hold, a license to practice dentistry in Colorado; that for more than one year last past defendant has unlawfully usurped and intruded into and exercised, and does now usurp, intrude into and exercise, in this state the franchise and privilege of practicing dentistry therein; that defendant has held itself out to the public and publicly advertised, and now holds itself out and publicly advertises, that it is engaged in the practice of dentistry in the state of Colorado and maintains and operates a dental office in the City and County of Denver in which it has received, and proposes to continue to receive, as prospective dental patients people who are enticed into such office by defendant's advertising, or who otherwise have come to such office to have their teeth

examined and diagnosed, and to have operative dental surgery performed on their teeth, and that defendant has accepted many such persons during such period of time as dental patients, and for a money consideration has entered into contracts with them to examine their teeth and diagnose the condition thereof and to perform dental surgery upon the teeth of such patients within the city of Denver for a money consideration, and in pursuance of such contracts with the patients has performed, and will continue to perform, operative dental surgery upon their teeth; that the manner and method by which defendant has so practiced dentistry and is now practicing it in this state is by employing agents to do the work on the teeth of patients who come to its office and to diagnose the condition and to perform operative dental surgery, such agents being employed by and paid by and being under the direction and control of the defendant and not being in any contractual relation whatever with the patients, and the defendant threatens so to continue to practice dentistry in this state for a money profit unless prevented by an order of the court. Such, in substance, are the allegations of this complaint which, as above stated, the trial court held did not entitle the people to a judgment of ouster against the defendant.

Our General Assembly, in the exercise of its police power, has by statute enacted regulations for the practice of dentistry in this state. Section 4571, C. L. 1921, makes it unlawful for any person to practice dentistry in this state unless he shall have a license for such purpose. Any person shall be regarded as practicing dentistry within the meaning of the act who uses the word "dentist," or other letters or titles in connection with his name, which in any way represent him as engaged in the practice of dentistry.

Section 4574 provides that any person desiring to practice dentistry in this state shall first submit to an examination before the state board of dental examiners touching his qualifications, and every such applicant for ex-

amination shall, with his application, submit to the board
a diploma of graduation of some reputable dental college,
or school, or university dental department, duly authen-
ticated by the laws of this state or some other state of
the Union.

Section 4575 declares that persons possessing such
diploma, upon deposit of an examination fee, shall be
examined by the board upon the science and practice of
dentistry; and all who are found qualified, if of good
morals and character, shall receive a license to practice
their profession in this state.

These are the principal provisions of our so-called
regulatory act that bear upon the present controversy.
As we understand the record, the trial court in its opin-
ion, while conceding that the defendant under these stat-
utory provisions not only did not have, but could not
have, a license to practice dentistry, and as a corporation
was not in a position to ask for or acquire one, and could
not, in the nature of things, because of its corporate
capacity, possess a license to practice dentistry, never-
theless, it held that, since the defendant employed quali-
fied licensed dentists to engage in such practice for it,
and it not appearing that the persons actually doing and
performing dental work as its employees or agents did
not have a license, the defendant may not be interfered
with. The defendant strenuously contends throughout
its brief that it was not, and is not, practicing dentistry
in this state without a license, or at all, and it asserts
that, being a corporation, it is not within the purview of
our statute regulating the practice of dentistry, because
that statute purports to regulate the practice of dentistry
only by natural persons or human beings and does not
apply in any respect to a private corporation organized
to practice dentistry. It is a sufficient answer to this con-
tention to say that not only does the complaint itself di-
rectly charge, in so many words, that the defendant is
practicing, and assuming to practice, dentistry in this
state without a license, but the defendant uses in and as

a part of its corporate name the word "dentist" which use section 4571 says shall be regarded as practicing dentistry. Notwithstanding these repeated assertions in its brief that it is not charged with practicing dentistry in this state, it is too clear for discussion that the defendant assumes to be engaged and, by its demurrer, admits that it is, and that it assumes to be, engaged in the dental practice. True, the defendant as a corporation cannot itself extract teeth or diagnose the condition of patients or perform dental surgery thereon; but it purports to do these things through natural persons by it selected, who, as it says in its brief, are licensed dentists. In this last assertion counsel are wrong in asserting that because the complaint does not question the competency of the defendant's alleged agents as licensed dentists, it necessarily follows that these employees are duly licensed and this court must so assume. It was not necessary for the plaintiff in his complaint to negative the competency of the defendant's alleged employees and there is nothing in this record, except the statements of defendant's counsel in their briefs, that the employees of defendant who perform dental work are duly licensed dentists. If they are licensed dentists, and if that circumstance negatives the allegation of the complaint that defendant assumes to be engaged in practicing dentistry, the defendant must, if it so contends, make that point by an allegation in its answer, not by a demurrer to the complaint. So that, if it is true, as defendant argues, that it is not in its corporate capacity engaged in the practice of dentistry in the sense of doing dental work itself, and that the dental work in its Denver office is done by its licensed employees, and if its method or manner of practicing dentistry is through licensed employees, it should have filed an answer and so alleged instead of filing a general demurrer which admits the allegations of the complaint that it is engaged in the practice of dentistry.

But it may be said that this is a mere technicality because, in the nature of things, a private corporation,

which is only an artificial person created by statute, cannot itself do dental work, and, therefore, if it has the right or possesses the power to practice dentistry at all, it must do so through the agency of its employees who are licensed dentists; and this leads to a consideration of a fallacy which colors and enters into the entire argument of the defendant, which is based upon the false assumption that, since it is competent to engage in any ordinary calling or business just as fully and completely as a natural person may, therefore it may engage in the practice of dentistry by employing licensed dentists to do the actual work which only dentists may do. We are not concerned now with an ordinary trade or calling. Law, medicine and dentistry are generally considered as learned professions. Neither is an ordinary trade or calling which all citizens alike may pursue. The state in its sovereign capacity is vested with the indefinable police power which includes the power to conserve and protect the public health. Only those who are qualified by statute and experience to practice dentistry may do so, if the legislature sees fit so to ordain. That body may lawfully provide, as it has done in Colorado, that only those who by study of the science and art of dentistry show that they are properly qualified, may practice dentistry.

Defendant admits that, by reason of its existence as a corporation only, it is impossible for it to comply with the provisions of our regulatory statute as to study, passing an examination, furnishing a certificate of morals and character or obtaining a diploma of a dental college, without which no person may obtain a license to practice dentistry in Colorado. But this very inability to comply defendant asserts as a reason that it may, nevertheless, without a license, hold itself out to practice and to engage in the practice of dentistry in this state. It cites and relies on *Robinson v. People,* 23 Colo. 123, 46 Pac. 676, and *Chenoweth v. State Board,* 57 Colo. 74, 141 Pac. 132, 51 L. R. A. (N. S.) 958, Ann. Cas. 1915D, 1188. In the

Robinson case we held, in the case of a natural person, that, under the regulatory act of 1889—as amended in 1891—since the requirement of the former act as to securing a license from our state board of dental examiners was omitted in the latter amendatory act, and which act permitted a person to practice dentistry in Colorado by presenting to the state board a diploma of a regularly chartered institution of dentistry, or a license from the state board of another state, such natural person may engage in the practice of dentistry in Colorado without procuring a license from our state board. But that decision has no bearing on the case now before us. All that we held there was that one who complies with the provisions of our own statute in all respects may practice dentistry in Colorado without procuring a license from our state board of examiners because there was no longer a requirement that he should have such a license; the provision of the 1889 act so requiring having been eliminated from the existing act of 1891, which repealed the former act. But such holding is not authority for defendant's contention here that it may practice dentistry in Colorado, although it is unable to conform to the regulations that are prescribed by our statute, compliance with which are conditions precedent to the right to practice.

In the Chenoweth case it was held that our General Assembly may enact reasonable regulations, of which the courts may judge, for the examination of those who would practice medicine. And it was held in that case that a regulation of the General Assembly authorizing a revocation of a physician's license for publishing an advertisement relating to diseases of the sexual organs was void for uncertainty and in violation of the Fourteenth Amendment to the federal Constitution and of our own Bill of Rights. There may be expressions in the majority opinion that give color to some things contained in the defendant's briefs here; but that decision—and we are not to be understood as approving of it—is not authority for the defendant's contention here. The ques-

tion now before us is whether a private corporation organized in another state may lawfully engage in the practice of dentistry in Colorado without a license. Neither the Chenoweth case nor the Robinson case is in point. The former passed upon the reasonableness of a provision of a statute which assumed to regulate the doing of certain things by a regularly licensed practicing physician; the Robinson case held that an applicant for a license to practice dentistry, who is eligible to practice dentistry in Colorado and meets all the conditions of the statute on the subject then existing, is entitled to practice his profession in the state though he does not have a license from our own state board which formerly was required, but which under the then existing statute was not required.

Our attention is called by the defendant to a recent decision of the Supreme Court of the United States, Louis K. Liggett Co. v. Baldridge, 278 U. S. 105, 49 Sup. Ct. 57. The court held in that case that a Pennsylvania statute, which prohibited ownership of drug stores or interest in corporations, partnerships or associations owning such stores by other than licensed pharmacists, was invalid as denying due process of law under the Fourteenth Amendment. The case is not pertinent here. The court held in the Baldridge case that the plaintiff corporation was conducting an ordinary business—not that it was engaged in or assumed to be practicing a profession—and the opinion states that mere ownership and operation of a drug store can have no real or substantial relation to the public health. The conclusion, therefore, there, was that the ''act in question creates an unreasonable and unnecessary restriction upon *private business.*'' This clearly differentiates the applicable principles of law where restrictions are placed upon a private business, and where restrictions and regulations which are, as in the case now before us, as to matters that affect the public health like the practice of dentistry. This case

is really, by a process of elimination, authority for our conclusion here that a person has no absolute or constitutional property right to engage in the practice of a profession such as law, medicine or dentistry. And if a natural person, a human being, or a private corporation, an artificial person, is unable to meet or fulfill the reasonable conditions by compliance with which only the state confers a right to engage in the practice of a profession, he or it may not be heard to complain. He is deprived of no constitutional or statutory right whether the inability to comply with the regulations of the legislature is due, as in the case of a corporation, to natural or inherent difficulties or inability, or in the case of a natural person or a human being, to bring himself within the requirements because of his mental or moral unfitness.

In the foregoing discussion we have not attempted to answer the various plausible arguments advanced by counsel for the defendant, but what we have said sufficiently indicates our views which in brief are that the defendant is not entitled to practice dentistry in this state. If it were necessary so to hold we might say that the word "person" in the statute includes both a natural person, or a human being, and an artificial person, a private corporation. It is, however, altogether clear that the inhibitions of the statute against the practice of dentistry in this state is applicable not only to natural persons, but it applies as well to an artificial person or a corporation, because, in the very nature of things, the corporation cannot meet the conditions upon which the right to a license depends and no one, whether an ordinary person or an artificial being, is entitled to practice unless, among other requirements, he first secures a license from our state board of dental examiners. The many other arguments and suggestions of defendant's counsel need not be considered. It would be a strange result to reach for a court to hold that because a private corporation cannot pass an examination and furnish a good

moral character, therefore it is not within the inhibition of the statute and may freely and without restriction engage in the practice of dentistry in this state without a license, whereas, a citizen of the state, a human being, may not possess or acquire the right to practice dentistry in this state unless he first procures a license therefor. The statute is broad enough to include both a human being or an artificial being, a private corporation.

One of the objects which the defendant corporation had in view was to manufacture, deal in and sell dental supplies. The decision here is not to be taken as interfering with its right to manufacture or vend at its pleasure such commodities as it is authorized by its charter to dispose of.

This action or proceeding was instituted by the district attorney. It is for him to determine, in the first instance, whether or not the matters alleged in the complaint show that the public interest is involved, and whether or not a franchise as contemplated by the usurpation act is properly an issue. We think that both of these elements are present in this case and that the district attorney was justified in instituting the action.

The following, among other, cases may be cited as supporting our conclusion: *Frutiger v. State,* 215 Ala. 451, 111 So. 37; *People v. Woodbury Dermatological Inst.,* 192 N. Y. 454, 85 N. E. 697; 1 Fletcher Cyclopedia of Corp., § 353, p. 745; *Re. Co-Operative Law Co.,* 198 N. Y. 479, 92 N. E. 15, 32 L. R. A. (N. S.) 55, 139 Am. St. Rep. 839; *Midland Credit Adjust. Co. v. Donnelley,* 219 Ill. App. 271; *Winslow. v. Board of Dental Exam'rs.,* 115 Kan. 450, 223 Pac. 308; *State, ex rel. Lundin v. Merchants P. Corp.,* 105 Wash. 12, 177 Pac. 694; *People v. Merchants Pro. Corp.,* 189 Cal. 531, 209 Pac. 363.

The judgment of the district court is therefore reversed and the cause remanded with instructions to set aside its judgment and, in lieu thereof, to enter an appropriate judgment of ouster of the defendant.

*On Rehearing.*

*En Banc.*

MR. JUSTICE CAMPBELL.

Defendant in error has filed what it calls: "Application for Rehearing and Modification of Opinion." It requests that a rehearing be granted, or that the opinion of the court be modified to permit the defendant in error to file its answer and go to trial upon the merits. The modification of the opinion which it requests is the elimination therefrom of the direction of the trial court to set aside its judgment and to enter a judgment of ouster; and in lieu of this direction that we enter an order that defendant be given the right to file its answer and be heard upon the merits as to the facts alleged in the complaint.

In a case where final judgment of dismissal is rendered after the trial court has sustained the defendant's general demurrer to the complaint, it is not ordinarily good practice for the reviewing court, on reversal, to direct the appropriate judgment. And this is so, for the defendant, in such a case, should be given the opportunity to file an answer and put in issue the statement of facts set up in the complaint.

In support of this petition the defendant here relies upon repeated rulings of this court and the Court of Appeals that a party filing a demurrer which has been overruled may, as matter of right, plead over. Defendant may not have overlooked the fact, but has failed to refer to it, that in this case the defendant's demurrer to the complaint was not overruled, but was sustained, and the action was dismissed, as the plaintiff did not desire to amend the complaint. But, assuming under the facts as stated that the defendant is entitled now to be heard to object to our direction of the judgment instead of remanding the cause for further proceedings consistent

with the opinion, we are satisfied that defendant in error is not entitled to have the opinion modified. Therein we first demonstrated, as we think, that plaintiff's complaint set out all the essential facts which show that the defendant was, and is, engaged in the practice of dentistry in Colorado without a license, and, therefore, the judgment of the trial court dismissing the action was wrong. We also said that the method which the defendant adopted and pursued in practicing dentistry was by dentists employed by it who, as the defendant repeatedly asserted in its briefs, were duly licensed and qualified dentists. In referring to these contentions of the defendant in its briefs, we said in the opinion that if such were the facts, which were negatived by the complaint, the defendant should have filed an answer so asserting. But immediately following this statement we said that our observation might be considered a mere technicality and we, therefore, proceeded to determine the case which both parties submitted for decision and which they argued in their briefs, which, as thereby made, may thus be stated: ''Is it lawful for a private corporation, which has not, and is unable to acquire, a license to practice dentistry in Colorado, to engage therein by and through licensed dentists whom it employs to do for it, and in its behalf, dental work for patients whom, by advertising and other methods, it has procured?'' Defendant asserted in its briefs that this method was lawful; that its employees were duly licensed and authorized under the statutes of this state to practice dentistry therein. Such was the issue that defendant of its own accord argued and submitted to us for decision, and this issue we determined against its contention, although we might have refused to pass upon it. But disregarding the defective record, and though a general demurrer was filed by the defendant, instead of an answer and evidence responsive thereto, and waiving the technicality and, for the pur-

poses of the opinion, conceding that the facts as claimed by the plaintiff were present in this record, we then proceeded to determine the case at defendant's own insistence on the theory that the facts before us showed that defendant's practice of dentistry, or, if it prefers other words, its method of operating a dental parlor, was to secure applicants desiring dental treatment and getting them to its place of business and there treating them by licensed dentists whom it employed for the purpose. Therefore, we say that we accepted as before us on the defendant's own submission, as the real issue for determination, whether defendant has the right thus to practice dentistry in Colorado. We held that it had not. The ultimate facts as the defendant claims them to be were before us on which that right depends. If our opinion were modified as defendant requests and the cause be remanded for a new trial and it be given an opportunity to answer, it would allege and prove only the ultimate facts which we assumed were before us at the hearing. Defendant does not in this petition say that it has any other defense than the one that it has already submitted, and which we decided upon the basis of the ultimate facts as the defendant claimed them to be.

We therefore deny this petition for rehearing.