STATE OF IOWA, Appellee, v. BAILEY DENTAL COMPANY, Appellant.

No. 40706.

JANUARY 13, 1931.

*William Baird & Sons* and *George A. Wilson,* for appellant.

*John Fletcher,* Attorney-general, and *Gerald Blake,* Assistant Attorney-general, for appellee.

EVANS, J.—The defendant was organized as a domestic corporation on October 1, 1913, for the purpose of carrying on the business in which it is now engaged, and obtained a franchise therefor from the secretary of state. It was organized under the name appearing in the caption herein. Its incorporators and only stockholders were R. W. Bailey and G. D. Shipherd, and these constituted its officials. Its present officials are Shipherd, Bedell, and Ruder. The facts were stipulated in the record in the court below. The material facts thus stipulated are summarized in the appellant's brief as follows:

"1. The defendant company was incorporated under the laws of Iowa in 1913 for the purpose of equipping and maintaining offices and places where lawfully licensed dentists might carry on the practice of dentistry.

"2. Defendant has offices located at Fifth and Locust Streets in Des Moines, Iowa, which offices are maintained under the name of Bailey Dental Company, and in which offices dentistry is practiced, and which offices are supervised and managed by a licensed dentist, and other licensed dentists are employed therein.

"3. Some of the advertisements which have been put out to the public by the defendant have read 'Bailey Dental Company Dentists. Guaranteed Dentistry.'

"4. Licensed dentists employed in said offices have been and are treating defects or diseases of the teeth, gums, or maxillary bones.

"5. Neither the defendant company nor any of its officers have ever been licensed to practice dentistry in Iowa, but each and every one of the aforementioned employees have been and are now licensed to practice dentistry under the laws of Iowa.

"6. The names of the employed dentists have been and are displayed in a conspicuous place at the public entrance of the office, as required by Section 2568.

"7. The articles of incorporation of defendant company were duly filed with the secretary of state of Iowa on October 1, 1913, accepted by him, and certificate of incorporation duly issued to it. Said articles provide that said company should have power to establish, equip, and maintain offices and places where competent and lawfully licensed dentists may carry on the practice of dentistry in the state of Iowa, which business shall be carried on under the provisions and in conformity with the laws of the state of Iowa; that, since then, defendant company has maintained and operated offices in Des Moines, Iowa, under its own name, of Bailey Dental Company, in which licensed dentists employed by it have been and are now practicing dentistry, and has expended and invested large sums of money in building up its business and establishing and equipping its present offices, and that the same are of value in excess of $25,000.''

The theory of the defense is concisely stated in the same brief as follows:

"1. There is no evidence that defendant is practicing dentistry.

"2. The sole business of defendant is owning and operating offices in which the art of dentistry is practiced by duly licensed dentists, as authorized by its articles.

"3. The practice of dentistry and the owning and operating of dental offices where dentistry is practiced are two distinct functions, and the provisions of the 'Practice of Dentistry Act' in question are, of necessity, and as contemplated by the law itself, limited to human persons engaged in the practice of dentistry as defined: that is, physically treating the oral cavity.

"4. The decree denies to this defendant equal protection under the laws, and deprives it of its valuable property without due process of law and without just compensation therefor, in violation of the rights of this defendant under the Constitutions of the United States of America and of the state of Iowa."

The statutes material for our consideration provide as follows:

"2439. No person shall engage in the practice of medicine and surgery, podiatry, 'osteopathy,' 'osteopathy and surgery,' chiropractic, nursing, dentistry, dental hygiene, optometry, pharmacy, cosmetology, barbering, or embalming as defined in the following chapters of this title, unless he shall have obtained from the state department of health a license for that purpose."

"2565. For the purpose of this title the following classes of persons shall be deemed to be engaged in the practice of dentistry:

"1. Persons publicly professing to be dentists, dental surgeons, or skilled in the science of dentistry, or publicly professing to assume the duties incident to the practice of dentistry."

"2570. No person shall operate any place in which dentistry is practiced under any other name than his own, or display, in connection with his practice, on any advertising matter any other than his own name; but two or more licensed dentists who are associated in the practice may use all of their names, and a widow, heir, or any legal representative of a deceased dentist, may operate such office for a reasonable time for the purpose of disposing of the same."

"2528. The opening of an office or place of business for the

practice of any profession for which a license is required by this title, the announcing to the public in any way the intention to practice any such profession, the use of any professional degree or designation, or of any sign, card, circular, device, or advertisement, as a practitioner of any such profession, or as a person skilled in the same, shall be prima-facie evidence of engaging in the practice of such profession.''

I. Defendant's first contention is that it is not practicing dentistry. Immediately upon its incorporation, it did open an office in the city of Des Moines, and equipped the same for the purpose of practicing dentistry. Pursuant to the  same purpose, it employed licensed dentists for its work. This course of procedure has been followed ever since. It has advertised the practice of dentistry under its corporate name, and not otherwise. It has obeyed the statute in posting the names of its employee-dentists. No officer of the corporation is a licensed dentist. The ownership and control of the entire equipment is in the corporation and its officers, and not in the employees. Its unlicensed officials necessarily determine all its policies, whether they be deemed professional or commercial. If such officials were to carry on this business as individuals, without the formality of a corporate organization and without a license, would they be amenable to the statutes above quoted, as violators thereof? The affirmative on this question seems too plain to tolerate argument. If these officials could not, as individuals, conduct this business without a license, we can conceive of no reason why they should be permitted to do so, under the statute, under a corporate organization and name. If a business thus conducted by an individual be unlawful, it is likewise unlawful if conducted by a corporation. Code Section 8339. We hold, therefore, that the defendant-corporation was practicing dentistry, and was doing so, therefore, in violation of the statute.

II. Are our foregoing statutes invalid? It is argued that they constitute an unreasonable interference with the natural right of the defendant to do business. It is to be noted that this is not a case where new legislation purports to take away rights that have been acquired and have vested under previous legislation. It is, therefore, not a case of legislative impairment of existing contracts. The appellant lays some stress upon the pro-

visions of its articles of incorporation. The implication of the argument at this point is that the franchise granted to it October 1, 1913, authorized it to transact this very business. The recitals of its articles define the limitations of the business which it proposed to do. They were not effective to confer upon it authority to transact any business in violation of existing law. The business upon which the defendant embarked in October, 1913, *was* violative of then existing statutes, Section 2599, Code, 1897. Under then existing law, no person had a right to practice dentistry without an examination and license. From the very nature of this statutory requirement, a corporation could not bring itself within the terms of the statute. It could not pass an examination, and could not, therefore, obtain a license. To say nothing now of the relationship of dentistry to the public health and to the scope of police power in reference thereto, there are still other reasons of public policy why mere corporations might be barred from entering this field. There are certain fields of occupation which are universally recognized as "learned professions." Proficiency in these occupations requires long years of special study and of special research and training and of learning in the broad field of general education. Without such preparation, proficiency in these professions is impossible. The law recognizes them as a part of the public weal, and protects them against debasement, and encourages the maintenance therein of high standards of education, of ethics, and of ideals. It is for this purpose that rigid examinations are required and conducted as preliminary to the granting of a license. The statutes could be completely avoided and rendered nugatory if one or more persons who failed to have the requisite learning to pass the examination might, nevertheless, incorporate themselves formally into a corporation, in whose name they could practice lawfully the profession which was forbidden to them as individuals. A corporation, as such, has neither education nor skill nor ethics. These are *sine qua non* to a learned profession.

Statutes similar to ours are in vogue in virtually every state in the Union, and have been quite universally sustained. There is an occasional decision which may be deemed lenient, but we find none that affords support for the defendant's contention. Reliance is put by the defendant upon *State Electro-Medical Institute v. State,* 74 Neb. 40 (103 N. W. 1078). In that case,

*licensed* physicians incorporated themselves into a company. The court held that such an organization was permissible, within the Nebraska statute. Inasmuch as the incorporators in the case at bar were not licensed dentists, we have no occasion to distinguish the Nebraska case from our present holding. Other cases relied on by the defendant are quite as distinguishable from the case at bar as is the Nebraska case. In lieu of extensive discussion and citation of authorities on our own part, reference may be had to *In re Application of Co-operative Law Co.*, 198 N. Y. 479 (32 L. R. A. [N. S.] 55). The state of the authorities is considered and discussed in that case and in the annotations thereto in 32 L. R. A. (N. S.) 55.

In *People ex rel. Mahurian v. State Board of Dental Examiners*, 85 Colo. 321 (275 Pac. 933) the question is fully discussed, and the state of the authorities is fully considered. In that case the Supreme Court of Colorado held that a corporation had no right, under Colorado statutes, to practice dentistry.

Our function in the present case is to apply our own statutes to the facts in this record. We deem it clear, as already stated, that the defendant was practicing dentistry, within the meaning of our statutes. It was necessarily doing so without a license. It was doing so, therefore, in violation of our statutes. Inasmuch as a corporation, by its very nature, is incapable of passing an examination for the purpose of a license, and therefore incapable of receiving a license, it cannot lawfully practice dentistry in this state.

The decree of the district court is, accordingly,—*Affirmed.*

All the justices concur.