STATE OF IOWA, Appellee, v. FREMONT CO-OPERATIVE BURIAL ASSOCIATION, Appellant.

No. 43571.

DECEMBER 15, 1936.

H. S. Life and Anthony TePaske, for appellant.

Edward L. O'Connor, Attorney General, and Devitt, Eichhorn & Devitt, for appellee.

DONEGAN, J.—This action was brought by the state of Iowa to enjoin defendant, The Fremont Co-operative Burial Association, from practicing or engaging in the practice of embalming in Iowa. Upon the trial of the case a decree was entered granting the injunction as prayed, and from this decree the defendant appeals.

It appears without dispute in the pleadings and in the evidence that the appellant association was organized under the provisions of chapter 390 of the 1927 Code of Iowa, and that the purpose of the organization, as stated in its articles of incorporation was, "to supply its members with caskets, burial vaults and burial supplies of every kind, character and nature; to own, maintain and operate funeral equipment of any and every char-

acter appurtenant to business of such nature; to conduct funerals and to do and perform any and all other things permissible under the law, necessary and desirable to properly serve the members of this corporation within the scope of the Corporation's activities." Article IX of the articles of incorporation provides for a membership fee of $10. The articles of incorporation appear to place no restriction whatever upon the acquisition of membership except this membership fee. Article XXI of the by-laws, however, provides that "any member moving out of the territory, a distance of 35 miles from Fremont", may have his membership fee refunded; and article XXIII of the by-laws provides that a prospective member who does not join the association until he has a death in the family, "shall not be permitted to join this association until he has paid into this organization a membership fee of fifteen ($15.00) Dollars."

The evidence appears to establish without dispute that, in conducting its business the appellant association owns a place of business in the town of Fremont, Iowa, where it keeps a stock of caskets, burial vaults and burial supplies of every kind, including a hearse and other funeral equipment; that it purchases, out of the funds of the association, embalming fluids which are used by a licensed mortician employed by the association in embalming dead bodies; that it sells all such burial equipment, the use of its hearse and funeral equipment, and also the services of the licensed mortician employed by it; that such licensed mortician is paid a fixed salary by the association; and that the charges for all services performed by him, as well as all charges for burial equipment and services of the hearse and funeral equipment, are paid to and belong to the association.

It is the contention of the appellee that, in thus conducting its said business, the appellant association is engaged in the practice of embalming without having a license to do so and in violation of chapter 124-C1 of the 1935 Code of Iowa (Section 2585-c1 et seq.). The contention is that the appellant, being a corporation, does not have and cannot procure a license to do embalming, and that, in the methods pursued by it in conducting its business, it is engaging in the practice of embalming.

It is not contended, and there is no evidence to show, that the actual work of embalming dead bodies or furnishing the actual services performed in connection with said bodies, is not done by a licensed embalmer, because it is admitted that such li-

censed embalmer is employed by the defendant corporation and does such work. The appellant admits in argument that a corporation cannot lawfully practice a profession, and that, as a corporation, it could not engage in embalming without violating the law. Appellant contends, however, that the practice of a profession by a corporation is not here involved, and that the real question here presented is, whether the employment of a licénsed embalmer, by an incorporated nonprofit making co-operative association, to render professional services as embalmer to its members only, constitutes the practice of the profession of embalming by the corporation. Impliedly, at least, the appellant appears to admit that, if the employment of the licensed embalmer by it, and the furnishing of his services to the public generally, were a part of the business conducted by it, there would be a violation of the statutes here involved. But appellant contends that, in this case, as the services of the licensed embalmer employed by it are furnished to the members only of the co-operative association, there is no selling by it of professional services to the general public, and no such violation of the law.

That a corporation cannot furnish professional services to the public generally, through or by means of employing licensed members of a profession, for whose services it makes charges that go into the funds of the corporation, seems to be definitely settled in this state. In the case of State v. Kindy Optical Co., 216 Iowa 1157, 1162, 248 N. W. 332, 335, the defendant was a Delaware corporation authorized to engage in the business of manufacturing, purchasing, and selling optical goods and glasses of every character. Its practice was to equip and operate offices and places where licensed optometrists carried on the practice of optometry. The particular business involved in that case was being carried on in the city of Des Moines, by a licensed optometrist who was employed by the corporation. Action was brought in the district court of Polk county to enjoin the corporation from conducting the business of optometry, and, upon trial, the plaintiff's petition was dismissed. In reversing the holding of the district court this court, speaking through Mr. Justice Anderson, said:

"The subtle attempt on the part of the defendant to evade the provisions of the Iowa statutes in reference to the practice of optometry, by employing a licensed optometrist to conduct its

business, and by the execution of the alleged lease with its employee, is too patent to appeal strongly to a court of equity. * * *

"The execution of the so-called lease between the defendant and its employee, Jensen, in connection with the contract of employment between the same parties, was also a sham and fraud and a too evident plan, purpose, and intent to evade the provisions of the statutes herein referred to. It is true that the name of the defendant did not appear publicly in connection with the business, but the record shows without controversy that the business was in fact owned and operated by the defendant company. The defendant company controlled the conduct and policies of the business. Jensen was simply its employee on a stipulated salary."

See, also, State v. Bailey Dental Co., 211 Iowa 781, 234 N. W. 260; and State v. Baker, 212 Iowa 571, 235 N. W. 313.

Under the holding of the above authorities, as well as many others that could be cited, it seems definitely settled that, where a corporation employs a person who is licensed to practice a profession, and furnishes the services of such licensed employee to the public generally, and collects and owns the charges made for the services thus furnished by such licensed employee, it is engaged in the unauthorized practice of such profession, and is not protected by the fact that the employee, who performs the actual services of such profession, has been duly licensed. As stated above, however, the appellant in this case does not appear to question the correctness of such holdings, but contends that, in this case, the services furnished by the licensed embalmer employed by it are confined to the members only of the incorporated co-operative association.

As appears from the provisions of the articles of incorporation, however, and, as also appears from the evidence in this case, the only qualification for membership, and the only restriction upon membership, in the appellant association consists in the payment of a fee of $10, the requirement that the person thus acquiring membership shall reside within a distance of 35 miles from Fremont; and the further provision that, if membership is not acquired before there is a death in the family, the prospective member must pay a fee of $15. The trial court found that, in conducting its business and furnishing the services of its licensed embalmer, under these provisions as to membership, the

appellant association was furnishing the services of such licensed embalmer employed by it to the public generally within a distance of 35 miles from Fremont. We see no reason for disagreeing with this finding of the trial court. The effect of the provisions of the articles of incorporation and by-laws, above referred to, is that any person residing within 35 miles of Fremont need not be a member of this association prior to the time that a death occurs in his family. When a death occurs in a family, the head of the family, or any person upon whom would devolve the duty and liability of providing a burial for the deceased member of the family, even though he or she had never heard of the appellant association and had no thought or intention of belonging to it, prior to that time, would only have to go to the place of business maintained by the association, or to someone authorized to accept membership therein, and pay the membership fee. Upon such payment, the family in which the death had occurred, would immediately be entitled to the benefits of the association, including the services of the licensed embalmer. It is true that, in such case, the person applying for membership would have to pay a membership fee of $15 instead of $10, but we do not think that this increased fee can be used as a standard or criterion by which to determine bona fide membership in a co-operative association. It would seem that benefits of an association, depending on the death of a person, ought not to be extended to cases where neither the person claiming the benefits nor the deceased person was a member of the association at the time the death occurred. To allow the business of the appellant association to be thus conducted, and the benefits of membership in the association to be thus extended to the public generally, regardless of membership in the association at the time the death occurred, would be to approve of a scheme and a subterfuge which would permit the association to evade the purpose and provisions of the law.

Under the record in this case, we are not called upon to determine, and we do not here determine, whether an incorporated association, such as the appellant, could legally furnish the services of a licensed embalmer to its members, if membership in the association was restricted by reasonable and legitimate requirements. What we do decide is that, under the record here presented, the requirements as to membership were not such as to confine the benefits of the association to a bona fide body of mem-

bers of the association, but extended such benefits to the public generally within a distance of 35 miles from Fremont.

The decree of the trial court is correct, and is hereby affirmed.—Affirmed.

PARSONS, C. J., and all Justices concur.