No. 9701.

STATE BOARD OF MEDICAL EXAMINERS *v.* BROWN.

Decided April 4, 1921.   Rehearing denied June 6, 1921.

Certiorari to review the action of the state board of medical examiners in refusing defendant in error a license to practice chiropractic.   License ordered granted.

*Reversed.*

1. PLEADING—*Certiorari—Answer.*   A petition for certiorari requires no answer. It has served its purpose when the writ is issued, and its allegations are not taken as tendering an issue.

2. CERTIORARI—*Purpose.*   On certiorari, the review extends only to a determination from the record alone on the question "whether the inferior tribunal regularly pursued its authority and thereupon pronounced judgment accordingly."

A cause heard on certiorari, can not be determined on its merits.

3. WORDS AND PHRASES—*"Abuse of Discretion,"* is a failure by the tribunal, regularly to pursue its authority. This does not include the commission of errors at law, or mistakes in finding of facts.

4. PHYSICIANS AND SURGEONS—*License.* Applicant for a license to practice chiropractic, appeared before the board of medical examiners and introduced evidence on a hearing four months after the filing of his application. Held, that he was not entitled to a further hearing on thirty days notice under the provisions of sec. 11, chap. 94, S. L. 1917.

5.     *State Board of Medical Examiners—Findings.* Failure of the board to make specific findings is not prejudicial to an applicant for a license to practice, where the application was dismissed "on the ground that the board was not satisfied that he possessed the qualifications required by the statute to entitle him to a license."

6. PRACTICE—*On Certiorari.* On certiorari, if it be found that the inferior tribunal has exceeded its jurisdiction, or failed regularly to pursue its authority, the duty of the court is to remand the cause for a rehearing.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES H. HAINES, for plaintiff in error.

Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE defendant in error applied to the plaintiff in error under section 32 of chapter 94 of the Laws of 1917, for a license "to practice chiropractic." The application was refused. He then took the matter to the district court on certiorari, where the court required the board to send with the record certain letters which had been introduced in evidence on the hearing before the board. The district court entered judgment in favor of the petitioner and or-

dered the board to issue him a license as prayed in his petition. Plaintiff in error contends that the court erred in reversing the action of the board; and in ordering it to issue a license.

It appears from the record that the district court assumed to determine the right of the petitioner to a license, despite the fact that the matter was under consideration on a writ of certiorari. It is stated in the brief for plaintiff in error, though not shown by the record, that the court held the petitioner entitled to a license, because the allegations of the petition as to his qualifications were not denied. In this there was error for two reasons. First, the petition requires no answer; it has served its purpose when the writ issued, and its allegations are not taken as tendering an issue. *Morefield v. Koehn,* 53 Colo. 367, 127 Pac. 234. Second, the review extends only to a determination, from the record alone, of the question "whether the inferior tribunal regularly pursued its authority, and thereupon pronounced judgment accordingly." *County Court v. People,* 55 Colo. 258, 133 Pac. 752. We have several times held that a cause heard on certiorari could not be considered on its merits. *People v. District Court,* 22 Colo. 422, 45 Pac. 402; *People ex rel. Hallett v. Board of County Commissioners,* 27 Colo. 86, 59 Pac. 733; *Chenoweth v. State Board,* 57 Colo. 74, 141 Pac. 132, 51 L. R. A. (N. S.) 958, Ann. Cas. 1915D, 1188; *Thompson v. State Board,* 59 Colo. 549, 151 Pac. 436; *State Board v. Noble,* 65 Colo. 410, 177 Pac. 141; *State Board v. Boulls,* 69 Colo. 361, 195 Pac. 325. Such holdings are only applying the provisions of the Code.

Section 331, Code 1908, contains the following provision:

"The writ shall be granted in all cases where an inferior tribunal, board or officer exercising judicial functions, has exceeded the jurisdiction or greatly abused the discretion of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy."

Section 337, is as follows:

"The review upon the writ shall not be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer."

The last mentioned section indicates what is meant in the other section by "abuse of discretion." It is a failure by the tribunal regularly to pursue its authority. This does not include the commission of errors of law, or mistakes in the finding of facts. *People v. Court of Appeals,* 34 Colo. 291, 82 Pac. 483.

In *Whitney v. B. of D.,* 14 Cal. 480, cited with approval in *City Council v. Hanley,* 19 Colo. App. 390, 75 Pac. 600, of the writ it is said:

"It brings up no issue of law or fact not involved in the question of jurisdiction. Under no circumstances can the review be extended to the merits. Upon every question except the mere question of power, the action of the inferior tribunal is final and conclusive."

Defendant in error contends that under Section 11 of the act in question he was entitled to a thirty days' notice of an adverse finding, and an opportunity to present additional evidence. He alleges that failure to give him such notice constitutes, on the part of the board, an abuse of its discretion. Said section, after setting out the grounds upon which a license may be refused or revoked, provides as follows:

"Said board, in determining whether any applicant for a license to practice medicine is morally, educationally and otherwise qualified to receive such a license, shall upon their own initiative make diligent inquiry and investigation whether such applicant possesses the qualifications required by this act and those adopted by the board under the authority of this act and whether such applicant has at any time done any of the acts herein made a ground for refusing or revoking a license and they may refuse to grant a license to practice medicine to any person who, after such inquiry and investigation, they shall find does not possess the moral, educational and other qualifications

herein required or adopted by the board under authority of this act or who has done any of said acts. But said board shall not refuse to grant such a license under such circumstances until said applicant has had reasonable opportunity, and at least thirty days' notice to appear before the board in person and by counsel and present in his behalf such statements, testimony, evidence, argument and authority as he may desire to call to the attention of the board."

This plainly provides for a hearing, on thirty days' notice to the applicant, before a final determination of his case, if from its investigations the board is inclined to refuse a license. It appears that the application in this case was filed on March 7, 1917, with affidavits showing good moral character. On April 3rd following, consideration of the application was deferred for further investigation. On July 5, 1917, the applicant appeared before the board and submitted evidence in support of his application, and said application was dismissed "on the ground that the board was not satisfied that he possessed the qualifications required by the statute to entitle him to a license."

Inasmuch as the applicant appeared in person, and introduced his evidence on the hearing four months after the filing of his application, he was not entitled to have a further hearing on a thirty days' notice or otherwise.

Complaint is made, also, that the board did not specifically find that the applicant did not possess the required qualifications. The dismissal of the application upon the grounds stated, after hearing had, was in effect a finding that the applicant did not have the required qualifications. The requirement is that the board find, i. e., reach a conclusion on the matter, not that it make findings in due form. While it would undoubtedly be better for the board to make formal *findings,* and make them a matter of record, the failure so to do is not to the prejudice of defendant in error.

This disposes, also, of the claim that defendant in error

was entitled to be advised as to which of the requirements for a license he was lacking.

The cases cited by defendant in error involving questions arising on mandamus are not applicable in this proceeding.

In no event could the district court, on a proceeding of this kind, direct the granting of a license. If it be found that the board had exceeded its jurisdiction, or failed regularly to pursue its authority, the duty of the court is to remand the cause to the board for a rehearing.

The judgment is reversed and the cause remanded to the district court with directions to dismiss the writ.

MR. JUSTICE WHITFORD, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE ALLEN concur.