**SMITH**

v.

**STATE BOARD OF ACCOUNTANCY OF KENTUCKY et al.**

Court of Appeals of Kentucky.

June 23, 1954.

Rehearing Denied Nov. 12, 1954.

Marshall P. Eldred, Louisville, Chesley A. Lycan, Diederich & Lycan, Ashland, Brown, Eldred, Brown & Tachau, Louisville, for appellant.

J. D. Buckman, Jr., Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellees.

CLAY, Commissioner.

Under KRS 325.340 to 325.360 appellant's certificate as a certified public accountant was revoked. Upon an appeal to the Franklin Circuit Court the order of the Kentucky State Board of Accountancy was sustained. As provided in KRS 325.360(10) the order of the circuit court has the same force and effect as a decree in equity.

KRS Chapter 325 was enacted in 1946 and provides for the creation of a Board of Accountancy, the conducting of examinations for certified public accountants and

the issuance of a certificate to those qualified. It also authorizes the revocation of the certificate upon ten separate grounds after a notice and hearing. The charge against appellant was "Dishonesty, fraud or negligence in the practice of public accounting." KRS 325.340(2).

■ It is first contended by appellant that he was denied due process of law and prevented from having a fair hearing because of the fact that the Board made an investigation of complaints against him prior to charging him with violation of the statute. He suggests that the Board acted as prosecutor, trier of facts, and judge of the controversy. However, there is nothing in the record indicating any bias or prejudice on the part of the members of the Board or indicating that appellant was not given a full, complete and fair hearing on the charges against him.

KRS 325.360(1) authorizes the Board to initiate the proceedings. As in similar proceedings before administrative bodies, it is obviously necessary that the Board make an investigation of complaints prior to presenting a formal charge of misconduct. To say that making such an investigation thereby disqualifies the Board is absurd. An administrative body would be derelict in its duties if it failed to conduct a preliminary investigation to determine if there was some sound basis for a proposed charge against a person over whom it had supervision. We find no merit in this contention. It may be noted that under KRS 325.360 the appellant was given a trial de novo in the circuit court on the record made before the Board. Appellant has been allowed two fair hearings.

Appellant's principal contention is that while the evidence may have indicated or suggested dishonesty, fraud or negligence in his dealing with certain matters and with certain parties, it was not shown that his acts constituted *the practice of public accounting*. While the statute does not define "public accounting", there is testimony in the record as to what it consists of and we assume the members of the Board, who must themselves be certified public accountants, understand the nature of this profession.

■ In the notice of charges two specific instances of professional misconduct were cited, and another transaction was gone into at the hearing. With respect to this latter course of action appellant contends the Board was without jurisdiction to hear or consider it because it was not specified in the charges. We think that since appellant was given ample opportunity and time to defend himself with respect to this item and he did present witnesses on his behalf in connection therewith, the failure to refer to it specifically in the original notice did not prejudice him. Even without this evidence, however, it appears the Board had substantial evidence to authorize its action, as did the circuit court.

We do not believe it necessary to go into detail concerning the extensive proof introduced. It was shown that appellant had had two suits brought against him by different parties for an accounting and in each of those suits recovery was obtained against him. In connection with the first matter, appellant, who had been administrator of an estate, was elected an officer in a corporation whose stock was owned by the estate. This corporation was engaged in leasing and drilling gas wells. Appellant undertook the management of the gas development interests of the heirs of this estate. He charged $200 a month for his services and undertook to keep the accounts of the company.

It appears that the accounts were poorly kept, that the reports made to the other interested parties were inaccurate and misleading, that funds were handled in an unbusinesslike manner, that the cash balances shown in appellant's reports were not the same as those shown by the bank records, and that appellant co-mingled his own funds with those of the company.

In the suit against appellant for an accounting the Special Master found it necessary to receive extensive evidence from outside sources to determine the condition of the company, and he found that the

books kept by appellant were "incomplete and confused". The Special Master also found that the dereliction of duty on the part of appellant made necessary the suit against him.

 It is the contention of appellant that he was only acting as agent for the other stockholders in this company and that any dereliction of duty on his part was not in the practice of public accounting. While it is true that some of the services performed by him were not related to public accounting several of them certainly were, and association with a corporation in some other capacity does not relieve appellant of his duty to comply with the high standards of public accounting.

In 1945 appellant became a partner in the development of certain gas wells. He was assigned a 45 percent interest in a particular lease and he undertook the development of wells thereon. He charged the partners their proportionate share of $60,000, which he reported was the cost of drilling a particular well, but it was later found in a suit for accounting by the partners that the cost had been only $43,000. In addition, appellant had made a charge of $4,500 for his personal services, which was apparently unjustified. It appears that proper records were not kept and that appellant co-mingled his own funds with funds of the partnership.

Here again appellant contends that his acts were those of an ordinary businessman in a business venture and did not involve the practice of public accounting. However, it seems obvious that his qualifications as a certified public accountant were important to his partners and that the books he kept should have been above question. Certainly the high standards of a certified public accountant must be maintained in business transactions where he performs accounting services as a fiduciary and where his counsel is relied upon.

With respect to the third matter which appellant claims should not have been considered, it was shown that he did not make a proper audit when employed for that purpose. We think this evidence was properly introduced in the hearing as above noted, but even if not, the other charges against him were amply sustained.

The field of public accounting is a specialized one and the legislature has seen fit to regulate it. A certificate as a certified public accountant indicates to the public that the person holding such a certificate possesses the highest sort of qualifications and is one in whom may be placed the utmost trust and confidence. The facts in this record show that appellant as a certified public accountant has failed to live up to well recognized standards. After a full and fair hearing by a competent Board of experts and an excellent circuit judge, we find nothing to indicate that the action of the Board was unjustified.

The judgment is affirmed.