No. 17,402.

George A. Glenn v. Colorado State Board of
Medical Examiners, et al.
(284 P. [2d] 230)

Decided May 31, 1955.

Mr. Charles E. Bennett, Mr. Louis J. Boggio, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank A. Wachob, Deputy Attorney General, Mr. Robert S. Wham, Assistant Attorney General, for defendants in error.

*En Banc.*

Mr. Justice Clark delivered the opinion of the Court.

Before us for review is an action in the nature of certiorari wherein the district court approved the findings and order of the Colorado State Board of Medical Examiners in terminating the license of George A. Glenn to practice medicine within the State of Colorado. We will herein refer to plaintiff as plaintiff, or sometimes, with respect to matters appearing before the State Board, as respondent. Defendants in error will be designated as State Board or defendants.

The record in this case discloses a conglommerate mixture of procedural monstrosities to which we need pay no particular attention for the reason that, almost without exception, no appropriate objection was interposed at the time of occurrence, and also, that in every instance of seeming irregularity, the same was waived expressly or by clear implication. Counsel presently appearing on behalf of plaintiff are in third place on the list of attorneys who have represented him during the course of this litigation. They came in to try the case in the district court after the pleadings had been made up and the issues formed by their immediate predecessor, while in the proceedings had before the State Board, plaintiff was represented by still another attorney. From the briefs, it is apparent that plaintiff's present counsel find difficulty in accepting the record as made, as several of their contentions relate to issues which presumably they might have raised, or exceptions they might have preserved, had they represented plaintiff throughout the proceedings but on which they are now foreclosed. By avoiding possible confusion on account of irrelevant and immaterial matters treated in the briefs, a narration of the factual situation from the record itself is not overly difficult.

Charges prepared pursuant to the provisions of chap-

ter 227, Session Laws of Colorado, 1951 (C.R.S. '53, 91-1-17), where filed with the State Board on December 6, 1951, and notice thereof served upon respondent at the United States Public Health Service Hospital in Fort Worth, Texas, on January 8, 1952. At the request of counsel then representing plaintiff, hearing on said charges was continued until May 14, 1952, after plaintiff had returned from Texas. At said hearing it developed that the transactions and instances of misconduct on which the charges against respondent were based occurred prior to the passage of the 1951 Act, and request then was made that said statement of charges and notice be amended so as to conform to the proof and the provisions of the statute then in effect, being section 13, chapter 109, '35 C.S.A., and the cause was ordered continued until July 8, 1952, for further proceedings. The statement of charges accordingly was amended to read in part as follows:

"That pursuant to the provisions of Section 13, Chapter 109, 1935 Colorado Statutes Annotated, in effect before July 1, 1951, and Chap. 227, S.L. 1951, an investigation has been made concerning your conduct and this Board has found the probability great that cause for license revocation has arisen under the provisions of:

"A. Section 13, Chapter 109, 1935 Colorado Statutes Annotated, in the following particulars, to-wit:

"1. That the licentiate, George A. Glenn, M.D., has been guilty of intemperance in the use of ardent spirits, narcotics or stimulants,

"2. That the licentiate, George A. Glenn, M.D., has been guilty of immoral, unprofessional or dishonorable conduct."

On July 12, 1952, respondent, being present in person and represented by counsel, the amended charges were read in full and no objection offered thereto on the part of respondent. Based upon the evidence adduced on May 14th, to which no objection was offered, the Board then made and announced its findings as follows:

"That the Respondent George A. Glenn, M.D., has been guilty of habitual intemperance in the use of narcotics and unprofessional conduct in that:

"(a) The Respondent was admittedly addicted to the use of narcotic drugs over the course of a year and a half's time;

"(b) That the Respondent uttered certain false and fraudulent prescriptions for narcotic drugs and diverted the narcotic drugs obtained thereby to his own addicted use, such prescriptions being:

"1. A prescription to Mrs. William Matzen, dated March 6, 1951, for demerol, 2 cc's, six ampules;

"2. A prescription to Mrs. Nola Brumfield, dated March 5, 1951, for morphine sulphate, grains ¼, hypo tablets No. 10;

"3. A prescription to Mrs. Jeanne Whittenburg, dated February 16, 1951, for 2 cc's demerol, six ampules;

"And that such actions constituted grossly unprofessional and immoral conduct."

It was the order of the Board that the license of respondent be revoked.

August 20, 1952, plaintiff commenced his action in certiorari in the district court by filing complaint therein. Shortly thereafter his counsel filed a motion with the State Board based on the grounds of newly discovered evidence, which motion being granted, further hearing was had before the State Board on January 13, 1953. That the entire proceeding was considered as a continuing one is apparent. The evidence introduced in May was not repeated, but respondent was given every opportunity to explain or refute any part thereof that he saw fit. All of the evidence being then considered by the Board, upon the completed record, it announced its findings and decision in language practically identical to its announcement made July 12, 1952.

Thereupon plaintiff's counsel requested and was granted leave to amend his complaint in the district court so as to reflect the final decision of the State Board

which had been entered subsequent to the institution of the original case. Stipulation was entered into that the evidence offered at the hearing on January 13, 1953, be considered as a part of the record together with the evidence previously submitted, notwithstanding that it had been introduced in the hearing before the State Board after the filing of complaint in the district court. Counsel presently representing plaintiff took over at or about that time and during the trial of said cause, as here, presented many matters outside of the record upon which the findings and conclusions of the State Board were based, and which are wholly irrelevant to any issue now before this Court. The trial court entered extensive findings, some of which perhaps were unnecessary or somewhat irrelevant to the issues as formed, but on the whole they were certainly ample to support its judgment approving the action taken by the State Board, and its entry of judgment of dismissal against plaintiff. Specifically, after calling attention to the fact that jurisdiction of the person and subject matter involved was admitted on behalf of the plaintiff, the trial court found that the admissions of plaintiff's counsel at the hearing on May 14, 1952, in the presence of plaintiff, were sufficient, even without other evidence, to justify the findings of the Board that the plaintiff was addicted to the use of narcotics. It further was pointed out in the findings of the trial court, however, that there was ample evidence to support said findings even aside from such admissions, and likewise that the evidence before the Board was sufficient to support its finding that respondent had written false prescriptions for narcotic drugs and diverted same to his own addicted use.

The points upon which plaintiff relies for reversal of the judgment of the trial court, in so far as pertinent here, are that the evidence is insufficient to support the findings of the State Board, and that said Board acted through prejudice and bias in revoking plaintiff's license to practice medicine.

■ Because it has been so many times announced that in proceedings such as are now before us we are restricted on review to consideration of whether the Board had jurisdiction, abused its discretion, or regularly pursued its authority, no citation is required. The merits of the case are not involved, and we are concerned with the facts only to the extent of determining whether the State Board wrongfully exercised its authority without proper or judicious discretion. *Dilliard v. State Board of Medical Examiners,* 69 Colo. 575, 196 Pac. 866; *State Board of Medical Examiners v. Brown,* 70 Colo. 116, 198 Pac. 274; *State Board of Dental Examiners v. Savelle,* 90 Colo. 177, 8 P. (2d) 693; *McKay v. State Board of Medical Examiners,* 103 Colo. 305, 86 P. (2d) 232.

■ As findings and conclusions entered without evidence in support thereof would be an abuse of discretion, so likewise would they be, if influenced by bias or prejudice. To satisfy ourselves with respect to the contentions made on behalf of plaintiff on these two points, we have carefully examined the transcript of all evidence adduced before the State Board, and we are firmly convinced that the findings of the trial court in this respect are correct. At the hearing before the State Board on May 14, 1952, counsel for plaintiff in his presence, specifically admitted that plaintiff was addicted to the use of narcotics; that he had written false prescriptions procuring narcotics thereon which he had diverted to his own addicted use; that he had been committed to the United States Public Health Service Hospital at Fort Worth, Texas, for treatment as a habitual narcotic user, a report to this effect from said hospital being admitted in evidence at the request of plaintiff's counsel. Plaintiff's counsel frankly stated to the State Board, at the time of said hearing, that plaintiff was guilty of the acts charged, and his only plea at that time was that he be given a second chance in the way of a probationary period. We do not wish to be understood as confining our views of this case to the question of admissions only,

as the record otherwise clearly and amply bears out the fact that the plaintiff was an addicted narcotic user as well as a habitual alcoholic, and that he is guilty of the acts specified in the statement of charges.

 Contrary to the conclusion that the State Board was actuated by prejudice and bias in revoking plaintiff's license to practice medicine, the record clearly indicates that said Board treated plaintiff with every courtesy and gave him every possible opportunity to explain or defend himself against said charges and that in the performance of their duties the members of said Board could do no other than to determine the case as they did. Any other finding would have been but a whitewash, and the exercise of an unjustified leniency to the detriment of the public welfare.

The judgment is affirmed.