No. 23759.

ROBERT L. MCGEE *v.* THE STATE BOARD OF ACCOUNTANCY OF THE STATE OF COLORADO; CLAYTON A. BECKER, FRANK S. AULD, C. HOWARD KAST, JANET B. NOREN, EUGENE D. BRACE AND RICHARD L. EASON.

(453 P.2d 800)

Decided May 5, 1969.    Rehearing denied May 26, 1969.

Herbert A. Shatz, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, GEORGE E. DEROOS, Assistant, HUGH A. BURNS, Special Assistant, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.*

PRIOR to May 3, 1966, plaintiff in error, hereinafter referred to as McGee, had been granted a certificate as a certified public accountant by the State Board of Accountancy of the State of Colorado, and for several years prior to the date above mentioned was actively engaged in practicing his profession.

On May 3, 1966, the Board, on its own motion following an investigation by a person employed by it, issued an instrument entitled "Notice of Charges and of Hearing" directed to McGee. It was alleged therein that McGee had committed "acts of dishonesty, fraud, or gross negligence in the practice of public accounting in the State of Colorado contrary to the provisions of C.R.S. 1963, 2-1-18(3), in connection with the following matters:" [There followed specific references to thirteen different transactions which were itemized as 1(a) to 1(m) inclusive.]

McGee appeared in response to the notice, and lengthy hearings were held by the Board beginning on September 7, 1966, and on various intervening dates until December 8, 1966, at which time the hearings were concluded. On March 8, 1967, the Board by unanimous vote of all three members, each of whom had heard all evidence offered at the several hearings, entered its "Findings of Fact, Conclusions of Law and Order." This document consists of twenty typewritten pages with a detailed analysis of facts pertinent to the charges contained in the counts 1(a) to 1(e) inclusive. Upon each of these

*Retired Supreme Court Justice sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

specifications the charges were sustained. The Board found that counts numbered 1(f) to 1(m) inclusive were not sufficiently supported by evidence offered at the hearings and they were accordingly dismissed.

Specification No. 2 as contained in the notice of charges was a general allegation of

"negligence in the practice of accounting in the State of Colorado in that you have used your station of certified public accountant and the certificate issued to you by this Board for the purpose of furthering your own private financial interests * * *,"

and that McGee had "failed to maintain the independance necessary to appropriately perform" his professional duties. On this specification detailed findings of statutory violation were made by the Board. McGee's license was revoked under authority conferred upon the Board by C.R.S. 1963, 2-1-18. Upon review in the district court the action of the Board was affirmed.

The record of proceedings before the Board as originally certified for review in the trial court was deemed incomplete by counsel for McGee. He filed a motion requesting that all correspondence pertinent to the filing of the charges and the hearings held thereon be transmitted to the district court for such use as might be proper on review. This motion was granted. The correspondence which was submitted pursuant to the motion included a letter dated January 28, 1966, from Frank S. Auld, one of the members of the State Board of Accountancy, to the other two members of the Board. We note that this letter was written approximately three months prior to the date upon which charges against McGee were filed. The letter was filed in the district court in June 1967, and its existence was not known to counsel for McGee until that time. Contents of this letter which are pertinent to the question argued here are as follows:

"It is my opinion that Mr. Robert G. McGee, a certified public accountant of Colorado is guilty of gross negli-

gence in the practice of public accounting and that the State Board of Accountancy should take action to revoke his certificate to practice as a certified public accountant in the State of Colorado in accordance with Colorado Revised Statutes 1963 Chapter 2, Accountancy, Article One, Section 2-1-18, (1) and (3)."

The letter gave details of alleged misconduct of McGee; acknowledged the necessity of producing evidence and expressed the belief that "we have such evidence"; it contained a statement that "McGee has the gall to infer that Southern Acceptance Corporation could own the securities and the income could be received and be taxable to Westco Inc."; and concluded that,

"This kind of double talk is insulting because he apparently believes he can foist it upon United State Senators, Attorneys and C.P.A.s. We can certainly see thru it and most certainly a judge can also."

The entire content of this letter related to the conduct of McGee which was involved in specification 1(c) of the charges filed against him.

It was argued in the district court, and is urged here, that the "admitted fixed opinion, and prejudice of the hearing officer," unknown to McGee at the time of the hearing, destroyed the due process of law to which McGee was entitled under constitutional provisions on that subject. With reference to this argument the trial court included in its judgment the following:

"2. The Court finds that Frank S. Auld, a member of The State Board of Accountancy, had a fixed opinion concerning the plaintiff prior to the hearing before The State Board of Accountancy. The Findings of Fact, Conclusions of Law and the Order of the State Board of Accountancy dated March 8, 1967, are affirmed, however, because there is no evidence that the other members of The State Board of Accountancy had fixed opinions, and the decision of The State Board of Accountancy was unanimous."

We direct attention to the fact that the letter written

by Mr. Frank S. Auld to the other two Board members related exclusively to the audit conducted by McGee for Southern Acceptance Corporation (which was found to be a sham, or alter ego corporation, created to guarantee certain dealings of the Brighton National Bank.) These transactions were covered by specification 1(c) in the statement of charges. Any "fixed opinion" entertained by Mr. Auld related solely to that specification. The Board after introduction of much evidence, by unanimous vote, found that under specification 1(b) McGee was grossly negligent in the preparation of financial statements of LeMans Leasing Corporation; that under count 1(d) his conduct involving an audit of Catalina Life Insurance Company was tantamount to an act of dishonesty; and under specification 1(e) that McGee was grossly negligent in the preparation of an audit report for Thunderbird Investments Company. Eight other charges were found to be inadequately supported by evidence. The record contains an abundance of evidence to sustain the findings entered on the four specifications on which the Board reached conclusions adverse to McGee.

The State Board of Accountancy is expressly empowered under C.R.S. 1963, 2-1-21 to "initiate proceedings under this article either on its own motion or on the complaint of any person." C.R.S. 1963, 2-1-2(2) provides that, "A majority of the board shall constitute a quorum for the transaction of business." The power to initiate proceedings "on its own motion or on the complaint of any person" necessarily involves an investigation by the Board concerning the complaints received by it, and the exercise of judgment concerning the existence of probable cause warranting the filing of charges. By terms of C.R.S. 1963, 2-1-21(2) the Board is required to serve a written notice of "the nature of the charge or charges" and this in itself involves an investigation on the part of the Board.

Under these legislative requirements, one who is

called upon to answer charges cannot invalidate the final order of the Board following a full and open hearing on the ground that in the necessary preliminary investigation a member of the Board had reached the conclusion that there was sufficient evidence to justify the filing of charges. In the instant case the letter, which is the only evidence relied upon by McGee, contains the statement that,

"I understand that we must have substantial evidence in view of the entire record as submitted, we must know where we got the evidence, and have good reason to believe the evidence is authentic. I believe we have such evidence."

In *Phillips v. S.E.C.* 153 F.2d 27, it was argued that statements made by hearing commissioners in conversations prior to the hearing of charges denied the petitioner a fair trial. In rejecting this argument the court said, *inter alia:*

"These conversations seem to us no more than legitimate prehearing conferences of the kind which the commissioners or their staff must have if all the intricate details involved in even a single holding company simplification is to be carried to completion within the time of man. Certainly a court would not be justified in interfering with such helpful preliminary conferences to expedite the settlement of details without a very definite showing of prejudice to an aggrieved party or eventual denial of a fair hearing."

■■ Under our statute the requirement that the State Board investigate McGee's conduct and reach a tentative conclusion as to the gross negligence and dishonesty of that conduct is a proper function to be exercised prior to bringing charges. This duty was emphasized in *Smith v. State Board of Accountancy of Kentucky,* 271 S.W. 2d 875, in which the charge against appellant was "dishonesty, fraud or negligence in the practice of public accounting." In *Smith,* as in this case, the court upheld the Board's action, which followed a full hearing,

despite the necessity of investigation and a predetermination of many of the facts. From that opinion we quote:

"As in similar proceedings before administrative bodies, it is obviously necessary that the Board make an investigation of complaints prior to presenting a formal charge of misconduct. To say that making such an investigation thereby disqualifies the Board is absurd. An administrative body would be derelict in its duties if it failed to conduct a preliminary investigation *to determine if there was some sound basis for a proposed charge against the person over whom it had supervision.* We find no merit in this contention." (Emphasis added.)

The record before us leads to the inescapable conclusion that the views of Mr. Auld which were expressed in his letter were reached in the performance of his investigative duty as a member of The State Board of Accountancy. Such an opinion by one of three members of the Board which acted unanimously does not justify this court in invalidating the final judgment of the Board where the record further shows that McGee was given a full and fair hearing in which the evidence abundantly supported the findings of the Board.

It is argued by counsel for McGee that "the calling of the plaintiff in error by the Board as a witness against himself is a constitutional violation." In answer to this argument it is sufficient to say that the privilege against being compelled to testify is imbedded in Section 18, Article 2, of the Colorado Constitution, which provides that "no person shall be compelled to testify against himself in a criminal case." Similarly, the United States Constitution, Amendment V, provides that "no person shall * * * be compelled in any criminal case to be a witness against himself."

McGee voluntarily took the stand and gave direct testimony in his own behalf, and a review of the transcript of proceedings before the State Board indicates that at no time did he invoke the privilege against self-

incrimination. On the same day and in the very same transcript cited by plaintiff's counsel for the proposition that McGee's constitutional rights were violated, we note that in three separate instances he refused to invoke the privilege against self-incrimination.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.