533 P.2d 66 (1975)
Walter Eugene HENTGES, Plaintiff-Appellant,
v.
Ralph S. BARTSCH et al., Defendants-Appellees.
No. 74-312.
Colorado Court of Appeals, Div. I.
March 11, 1975.
*67 William L. Carew, Thomas H. Birch, Colorado Springs, for plaintiff-appellant.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Russell K. Haskell, Asst. Atty. Gen., Denver, for defendants-appellees.
Selected for Official Publication.
VAN CISE, Judge.
Plaintiff Hentges appeals the judgment of the district court affirming the action of the defendants State Board of Accountancy and the individual members thereof (herein collectively "the Board") in revoking Hentges' certified public accountant certificate and his 1973 permit to practice. We affirm.
On July 26, 1972, Hentges was served with a "Notice of Hearing" issued by the Board. It stated:
"Pursuant to Section 2-1-21 of the Colorado Revised Statutes 1963, you are hereby notified that a hearing will be held before the State Board of Accountancy, Room 117, State Services Building, 1575 Sherman Street, Denver, Colorado, at 1:30 O'Clock p. m., on the twenty-ninth day of August, 1972.
At such hearing the Board will consider suspension or revocation of your certificate under the authority of Sections 2-1-18(3) and 2-1-18(12), C.R.S.1963, for dishonesty in the practice of public accounting and conduct discreditable to the public accounting profession.
You may appear at the time of hearing in person and by counsel, produce evidence and witnesses on your behalf, cross-examine witnesses, and examine such evidence as may be produced against you. You are further advised that you are entitled, on application to the Board, to the issuance of Subpoenas to compel the attendance of witnesses on your behalf. If you fail to appear at said hearing, and ... the Board receives evidence against you, it may enter such order as shall be justified by the evidence."
The initial hearing was convened on August 29, 1972. At that time, Hentges appeared with his attorney. No objection was raised as to the adequacy of notice, *68 and no request for relief in the nature of a more specific statement or continuances was made. The attorney for the Board completed direct examination of one witness and offered the principal exhibits. The Board then continued the hearing to February 13, 1973, when the first witness was cross-examined and other witnesses testified. The hearing was again continued to April 24, 1973, and concluded on that date.
On May 22, 1973, the Board issued its "Findings of Fact, Conclusions of Law and Order." It found that Hentges had misappropriated funds of one of his clients for his [Hentges'] own personal use and that this action "was conduct which constituted an act of dishonesty and was conduct discreditable to the profession and constitutes a cause for action by the Board as stated in C.R.S.1963, 2-1-18(3) and (12)." It then ordered Hentges' certificate to practice as a certified public accountant and his 1973 permit to practice revoked.
Pursuant to § 12-2-127, C.R.S.1973 (C.R.S.1963, 2-1-22, and 1967 Perm.Supp., C.R.S.1963, 2-1-22), Hentges commenced this action for review of the decision of the Board. The district court affirmed the action of the Board.
Hentges contends here, as he did in the district court, that notice of institution of the Board's proceedings was insufficient and that he was therefore denied due process. Alternatively, he argues there was insufficient competent evidence in the record to support the Board's findings. We find no merit in either allegation.

I.
By § 24-4-107, C.R.S.1973 (1969 Perm.Supp., C.R.S.1963, 3-16-6), "where there is a conflict between [the State Administrative Procedure Act] and a specific statutory provision relating to a specific agency, such specific statutory provision shall control as to such agency." After notice and hearing as provided in § 12-2-125, C.R.S.1973 (C.R.S.1963, 2-1-21), the Board is authorized by § 12-2-123, C.R.S.1973 (1971 Perm.Supp., C.R.S.1963, 2-1-18) to revoke or suspend the certificate or permit of a certified public accountant for any of the causes specified in the statute. Section 12-2-125(2), C.R.S.1973, requires that the person charged be served at least 30 days before the hearing with "written notice stating the nature of the charges against the accused and the time and place of the hearing before the board on such charges." This provision is in conflict with the more detailed notice requirements of the State Administrative Procedure Act. Therefore, the notice requirements of the Board statute control.
The requirements of the Board statute were met by the notice given in this case. Hentges was timely notified of the time and place, his right to participate, and the possible suspension or revocation of his certificate which could result from the hearing. The citation of the statutory sections under which the Board was operating, and the language "for dishonesty in the practice of public accounting and conduct discreditable to the public accounting profession" adequately set out the "nature of the charges" as required by the statute. Due process requires no more, especially where there was adequate opportunity for Hentges to learn and he did learn at the first session of the hearing, the specific details of the charges, where he had ample time both before and after the first hearing to prepare his defense, and where he was able to present those defenses at the subsequent hearing sessions. See North State Telephone Co., Inc. v. Alaska Public Utilities Commission, 522 P.2d 711 (Alas. 1974); Swift & Co. v. United States, 393 F.2d 247 (7th Cir.); N. L. R.B. v. Remington Rand, 94 F.2d 862 (2d Cir.); 1 K. Davis, Administrative Law Treatise §§ 8.04 and 8.05. We agree with the trial court's statement:
"There is no question that [Hentges] was well aware of the specifics of the Complaint against him by the time of the continued hearing on February 13, 1973. No actual prejudice resulting to [Hentges] as a result of the deficient notice was argued or proved."

*69 II.
Hentges argues that photocopies from bank microfilm records of cancelled checks were improperly admitted into evidence because these copies were inadequately authenticated, and that, if this improper evidence is excluded, the remaining evidence is insufficient to support the Board's action.
The Board is not bound by technical rules of evidence. Section 12-2-125(6), C.R.S.1973 (C.R.S.1963, 2-1-21(6)). Additionally, § 24-4-105(7), C.R.S.1973 (1969 Perm.Supp., C.R.S.1963, 3-16-4(7)) provides:
"[W]hen necessary to do so in order to ascertain facts affecting the substantial rights of the parties to the proceeding, the person so conducting the hearing may receive and consider evidence not admissible under [the rules of evidence applicable in civil non-jury cases], if such evidence possesses probative value commonly accepted by reasonable and prudent men in the conduct of their affairs.... Documentary evidence may be received in the form of a copy or excerpt if the original is not readily available; but, upon request, the party shall be given an opportunity to compare the copy with the original."
Hentges does not challenge the accuracy of the contents of the copies offered at the hearing, nor did he request an opportunity to compare the documents with the original microfilm records. His only objection is that the authentication was not technically sufficient to allow admission of the documents in a civil trial. Under the circumstances of this case, where two sets of copies of cancelled checks were put into evidence from separate disinterested sources, and the two sets were identical, the evidence is competent under the standards set out in the Board statute and the State Administrative Procedure Act. See Harbour v. Colorado State Racing Comm., 32 Colo.App. 1, 505 P.2d 22.
Even without the documents to which Hentges objects, the record contains competent evidence to support the determination of the Board. This includes: (1) The uncontradicted testimony of the client that Hentges told him he had used between $21,000 and $23,000 of the client's money for Hentges' own purposes; (2) the additional, uncontradicted testimony that Hentges had made restitution to the client in excess of $52,000; and (3) other documentary evidence, including three original checks drawn on the client's account payable to Hentges, together with testimony that the client had not authorized the payments.
Since the record discloses Hentges was given a full and fair hearing and since the evidence adduced therein supports the findings of the Board, this court must affirm the Board's determination. Board of County Commissioners v. Simmons, 177 Colo. 347, 494 P.2d 85; see McGee v. State Board of Accountancy, 169 Colo. 87, 453 P.2d 800.
Judgment affirmed.
COYTE and RULAND, JJ., concur.