543 P.2d 112 (1975)
The PEOPLE of the State of Colorado ex rel. the STATE BOARD OF ACCOUNTANCY, Plantiff-Appellee,
v.
Jerry A. McFARLAND, Defendant-Appellant.
No. 75-275.
Colorado Court of Appeals, Div. I.
November 6, 1975.
*113 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Mary A. Rashman, Asst. Atty. Gen., Denver, for plaintiff-appellee.
J. F. Brauer, Golden, for defendant-appellant.
STERNBERG, Judge.
Following a hearing before the State Board of Accountancy, defendant's certificate as a certified public accountant was revoked. The district court affirmed the revocation, and we, in turn, affirm that judgment.
The charges against defendant involved allegations that on January 5, 1973, he had issued an unqualified opinion and statement of financial condition of Bankers Trust Company, Inc., of Albuquerque, New Mexico, which was not prepared in accordance with generally accepted accounting principles and auditing standards. The order of the Board revoking defendant's certificate as a certified public accountant was based on its finding that defendant was guilty of the charge and that thus the issuance of said opinion violated both the statutes governing the practice of accounting (§ 12-2-123(1) (b), (d), and (k), C.R.S.1973), and certain rules of professional conduct.
The testimony of the expert witness, Harris Cohn, as to the particulars in which defendant's opinion and statement on the financial condition of Bankers Trust Company failed to conform to generally accepted accounting and auditing principles, was sufficient to support the Board's decision. However, Cohn's testimony was based solely upon Exhibit A, a xerox copy of the opinion and financial statement at issue, and defendant challenges the admissibility of this exhibit.
Furthermore, defendant questions the admissibility of Exhibit B which was an affidavit with documents attached thereto in which the affiant stated that he was the individual charged with the responsibility of keeping all books, records, and correspondence of the Colorado Society of Certified Public Accountants, and that the attached documents were true and correct copies of the originals on file. One of the documents attached to the affidavit was a letter from defendant to the Board of Directors of the Society requesting that the Board review his case, while another was a brief by defendant in opposition to the charges against him in which he admitted that:
"In the latter part of November 1972 and December 1972 the defendant performed certain accounting and auditing services for a company in Albuquerque, New Mexico, known as Bankers Trust, Inc., which led to a letter of opinion on January 5, 1973, relating to the said company's financial statements."
Under technical rules of evidence these documents might not have been admissible; however, the Board is not bound by such rules. See § 12-2-125(6), C.R.S.1973. We conclude, therefore, that although it would have been better practice for the attorney general in this case to have provided stronger authentication for the documents presented to the Board, nevertheless the record did include reliable evidence that defendant had prepared the allegedly defective opinion and statement of financial condition serving as the foundation for the charges against him.
Since the expert witness' testimony and Exhibit A alone were enough to have justified the Board's actions, we do not address defendant's contentions that the admission of Exhibit B with its attachments denied defendant any substantial right to *114 cross-examination, or that other exhibits were improperly admitted into evidence.
Contrary to defendant's contention, the Board's alleged failure to comply with the notice and hearing requirements of the Administrative Procedure Act, § 24-4-104(3), C.R.S.1973, is of no significance. Section 24-4-107, C.R.S.1973, provides that:
"[W]here there is a conflict between this article and a specific statutory provision relating to a specific agency, such specific statutory provision shall control as to such agency."
Here, there is a specific statute concerning the notice and hearing requirements in proceedings before the Board, § 12-2-125, C.R.S.1973, the record shows compliance with the requirements of that statute.
Defendant next alleges that the Board was not an impartial trier of fact. We find nothing in the record which supports that contention. Indeed, the record reflects that counsel for defendant asked each member of the Board prior to the introduction of any evidence whether he or she had formed any opinion with respect to the charges against the defendant, and that each responded in the negative. Moreover, in McGee v. State Board of Accountancy, 169 Colo. 87, 453 P.2d 800, the Supreme Court concluded that the fact that one member of the Board had expressed his opinion that defendant was guilty of negligence prior to the filing of charges would not justify invalidating the final judgment of the Board revoking defendant's license where the record showed the defendant was given a full and fair hearing in which evidence was presented that abundantly supported the findings of the Board.
Similarly, we find to be groundless defendant's argument that the Board held against him the fact that he did not appear personally at the hearing. While there are some instances in the record where members of the Board expressed disappointment with defendant's failure to appear and explain the evidence against him, such expressed disappointment did not in our view demonstrate either bias or partiality.
Finally, we can find no discernible merit to defendant's contention that the Board abused its discretion by granting a continuance at the close of the hearing to allow the prosecutor to subpoena him to attend a later session.
Judgment affirmed.
COYTE and SMITH, JJ., concur.