Steven M. **FUESTON**, d/b/a **Peppermint Lounge, Plaintiff-Appellant,**

v.

**CITY OF COLORADO SPRINGS, Defendant-Appellee.**

**No. 84CA0897.**

Colorado Court of Appeals, Div. II.

July 18, 1985.

Rehearing Denied Sept. 12, 1985.

Certiorari Denied (Fueston) Feb. 24, 1986.

Don H. Meinhold, P.C., Don H. Meinhold, Colorado Springs, for plaintiff-appellant.

James G. Colvin II, City Atty., Michael J. Heydt, Senior Corporate Atty., Colorado Springs, for defendant-appellee.

METZGER, Judge.

In an action pursuant to C.R.C.P. 106(a)(4), plaintiff, Steven Fueston, sought review of the Colorado Springs City Council's denial of Fueston's application for renewal of the liquor license of the Peppermint Lounge, a bar owned by Fueston. The district court affirmed that denial, and Fueston appeals. We affirm.

Fueston received his first liquor license for the Peppermint Lounge in 1975 after the El Paso County Commissioners approved his application. At that time he disclosed his prior affiliation with a tavern in Tacoma, Washington, and indicated that he had never held a liquor license which had been suspended or revoked. The investigation preceding issuance of that license disclosed that the tavern license had

been "cancelled" and this information was placed in Fueston's file.

The El Paso County Commissioners approved Fueston's license renewal requests yearly until 1980, when the licensed premises were annexed to the City of Colorado Springs. The City Council approved license renewal requests for 1980 and 1981.

In 1982, however, the City questioned the discrepancy between Fueston's statements on his license renewal application and the information in his file concerning the Washington tavern's cancelled license.

On June 17, 1983, the Colorado Springs Liquor Licensing Board (Liquor Board) found that Fueston had made false statements on prior liquor licensing applications and recommended that the Colorado Springs City Council deny the renewal of the tavern liquor license held by Fueston for the Peppermint Lounge. In so recommending, the Liquor Board relied on § 12–47–111(1)(a)(VIII), C.R.S. (1978 Repl.Vol. 5), which prohibits anyone from holding a liquor license unless his "character, record, and reputation" are satisfactory to the licensing authority.

On August 9, 1983, the City Council accepted the Liquor Board's recommendation of non-renewal. The district court upheld the City Council's action and this appeal followed.

## I.

Fueston first contends that the City Council is estopped from denying his renewal request based on facts which were previously before the licensing authority when the license was initially issued and renewed. We disagree.

■ A municipality is estopped from taking a position contrary to previous representations reasonably relied upon by a person dealing with the city to his detriment. *P-W Investments, Inc. v. City of Westminster*, 655 P.2d 1365 (Colo.1982). This doctrine is invoked against public entities to prevent "manifest injustice." *Roderick v. City of Colorado Springs*, 193

Colo. 104, 563 P.2d 3 (1977); *Coady v. Worrell*, 686 P.2d 1375 (Colo.App.1984).

However, estoppel may not be applied against a governmental entity where such estoppel would require violation of the law. *Van Cleave v. Board of County Commissioners*, 33 Colo.App. 227, 518 P.2d 1371 (1973). The doctrine of estoppel should not be invoked as freely against a municipality as against an individual. *City of Sheridan v. Keen*, 34 Colo.App. 228, 524 P.2d 1390 (1974). *See also City & County of Denver v. Stackhouse*, 135 Colo. 289, 310 P.2d 296 (1957). Furthermore, the person asserting the doctrine of estoppel is not entitled to relief where he has acted wrongly. *See Duren, Inc. v. City of Lakewood*, 709 P.2d 74 (Colo.App.1985).

■ Fueston argues that since the original licensing authority (El Paso County) knew of his prior connection with the cancelled liquor license in Washington he could justifiably rely on that issue not being raised in subsequent renewals of his liquor license. This argument is insupportable in light of Fueston's actions.

While the impact of Fueston's connection with the cancelled Washington license upon his initial license application may have been resolved, such resolution did not negate the fact that Fueston did have an interest in that Washington license. And it was shown that, in 1980, Fueston responded in the negative to the question, "Has any person, as applicant, partner, officer, director, stockholder, or employee ever ... had an alcoholic beverage license suspended or revoked?" In fact, Fueston was an officer and director of the corporation which owned the tavern in Washington and was manager of the tavern as well. Such response thus was a misrepresentation of a material fact relevant to the criteria set out in § 12–47–111(1)(a)(VIII), C.R.S. (1978 Repl.Vol. 5) and, as such, could constitute grounds for license revocation.

Consequently, the doctrine of estoppel is unavailable to Fueston. For us to conclude otherwise would allow Fueston to enjoy the benefits of his false misrepresentations of

a material fact on his liquor license application renewal form.

## II.

Fueston next contends that the city denied his right to administrative due process because he was not provided copies of documents establishing his connections with the Washington state liquor license in question. We disagree.

A liquor license is a property right. As such, an applicant for a liquor license is entitled to due process protection, including notice, which reasonably conveys enough information to allow preparation for a hearing. *Price Haskel, Inc. v. Denver Department of Excise and Licenses*, 694 P.2d 364 (Colo.App.1984). Although due process rights attach to a licensing hearing, these rights are necessarily diluted because of the strong state interest in liquor control and the added safeguards provided by judicial review. *Brownlee v. State of Colorado*, 686 P.2d 1372 (Colo. App.1984).

Here, Fueston had notice that the Liquor Board would address the issue of his association with the cancelled Washington liquor license, including the fact that he had been a manager of the offending establishment and an officer and director of the corporation which held that liquor license. In order to prove Fueston's association with the revoked license, the city introduced documents obtained from the Washington State Liquor Control Board establishing the above facts. Fueston testified and confirmed the accuracy of the documents. Since he had notice of the issue before the Liquor Board and had knowledge of the contents of the documents introduced, the city's failure to give him copies of the documents did not violate his due process rights.

## III.

Fueston next contends that the record fails to support the City Council's finding that he was unfit to hold a liquor license. We disagree.

Review of an administrative agency determination under C.R.C.P. 106(a)(4) is limited to a review of the record to ascertain whether there is any competent evidence to support the agency's decision. *Dillon Companies, Inc. v. City of Boulder*, 183 Colo. 117, 515 P.2d 627 (1973). Administrative hearings need not comply with the strict rules of evidence. *Monte Vista Professional Building, Inc. v. City of Monte Vista*, 35 Colo.App. 235, 531 P.2d 400 (1975). The standard applied is whether the evidence possesses probative value commonly accepted by reasonable and prudent persons in the conduct of their affairs. *Hentges v. Bartsch*, 35 Colo.App. 384, 533 P.2d 66 (1975).

A review of the record convinces us that there is ample competent evidence, including the correctly admitted documentation from the Washington State Liquor Board, to support the City Council's decision.

Fueston's other argument is without merit.

The judgment is affirmed.

KELLY and TURSI, JJ., concur.