COLORADO STATE BOARD OF MEDICAL EXAMINERS, Complainant–Appellee,

v.

Michael D. REINER, M.D., Respondent–Appellant.

No. 88CA1844.

Colorado Court of Appeals, Div. IV.

Dec. 14, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and James F. Carr and Kathie A. Clinton, Asst. Attys. Gen., Denver, Colo., for complainant-appellee.

Ron Smith, Steamboat Springs, Colo., for respondent-appellant.

Opinion by Judge HUME.

Respondent, Michael D. Reiner, M.D., appeals a final order of the Colorado State Board of Medical Examiners (the Board) that suspended his license to practice medicine as a disciplinary sanction pursuant to § 12–36–118, C.R.S. (1985 Repl.Vol. 5). We affirm.

I.

Respondent contends that the Board erred in rejecting the sanction recommended by the administrative law judge (ALJ) for two years of probation and in imposing instead the harsher sanction of suspension for eighteen months. We perceive no error.

Under § 12–36–118(5)(g)(III), C.R.S. (1985 Repl.Vol 5), the responsibility for determining the extent of discipline to be imposed for unprofessional conduct is placed on the Board. *See also* § 24–4–105(15)(b), C.R.S. (1988 Repl.Vol. 10A) (authorizing regulatory agency to modify a sanction recommended by an ALJ). The Board is afforded wide discretion in its determination of the appropriate sanction for unprofessional conduct, and its determination should be upheld on review unless it bears no relation to the conduct, is a gross abuse of discretion, or is manifestly excessive in relation to the needs of the public. *People ex rel. Woodard v. Brown*, 770 P.2d 1373 (Colo.App.1989). A reviewing court may not substitute its judgment for that of the Board as to what constitutes an appropriate sanction. *Colorado Board of Medical Examiners v. Robertson*, 751 P.2d 648 (Colo.App.1987).

Here, the ALJ and the Board found that there was no evidence that respondent's drug use affected his care of patients, that his prognosis for recovery from his drug addiction through his therapy program is good to excellent, and that he is presently able to perform medical care with reasonable skill and safety to his patients. Respondent contends that, under these circumstances, any sanction which prevents him from practicing medicine is unauthorized and excessive, and the suspension therefore cannot be sustained. We disagree.

The Board has the statutory authority to impose a period of suspension for unprofessional conduct, even though the unprofessional conduct does not involve substandard medical care. *See* § 12–36–118(5)(g)(III), C.R.S. (1985 Repl. Vol. 5); *see also Glenn v. Colorado State Board of Medical Examiners*, 131 Colo. 586, 284 P.2d 230 (1955) (upholding revocation of medical license based on physician's drug addiction and fraudulent prescription writing to obtain drugs); *State Board of Medical Examiners v. Spears*, 79 Colo. 588, 247 P. 563 (1926), *appeal dismissed*, 275 U.S. 508, 48 S.Ct. 158, 72 L.Ed. 398 (1927) (upholding revocation of chiropractic license based on chiropractor's false and libelous advertising).

Although the sanction imposed by a regulatory agency may constitute an abuse of discretion in certain circumstances, *see Hickam v. Colorado Real Estate Commission*, 36 Colo.App. 76, 534 P.2d 1220 (1975); *see also* §§ 24–4–106(7) and (11)(e), C.R.S. (1988 Repl.Vol. 10A), we find no impropriety in the suspension ordered by the Board in this case.

Here, the record shows that respondent, by his felony convictions for offenses regarding the possession, distribution, or use of controlled substances, by prescribing habit-forming drugs or controlled substances other than in the course of legitimate professional practice, and by his excessive use of habit-forming drugs or controlled substances, engaged in unprofessional conduct in violation of §§ 12–36–117(1)(f), (g), (h), and (i), C.R.S. (1985 Repl. Vol. 5). The ALJ and the Board also found, on supporting evidence, that respondent occasionally treated patients while he had a drug hangover and that he had a relapse in his recovery from his drug addiction by using drugs while in therapy. Respondent also abused his professional position to support his drug habit by misappropriating money from the clinic in which he worked, stealing drugs, and obtaining drugs by fraud.

Under these circumstances, the Board's choice of sanction was not an abuse of discretion and is, therefore, binding on review.

In addition, contrary to respondent's argument, there is no indication in the record that the Board improperly ordered the suspension for punitive purposes rather than for the continuing protection of the public against unauthorized, unqualified, and improper medical practice. *See* § 12–36–102, C.R.S. (1985 Repl.Vol. 5). Similarly, there is no support in the record for respondent's claim that the Board failed to consider the evidence of his rehabilitation, as required by § 24–5–101, C.R.S. (1988 Repl.Vol. 10A), or that the Board ignored other evidence favorable to him.

## II.

Relying on the provisions of § 24–4–104(3), C.R.S. (1988 Repl.Vol. 10A), respondent contends that the Board erred in not giving him a reasonable opportunity to correct his conduct prior to his suspension. We disagree.

 Section 24–4–104(3), C.R.S. (1988 Repl.Vol. 10A), which is part of the Administrative Procedure Act (APA), provides that, before imposing any licensing restrictions, an agency must comply with certain notice and hearing requirements and, except in cases involving a "deliberate and willful violation," an agency must also give a licensee "a reasonable opportunity to comply with all lawful requirements." However, the provisions of the APA do not apply if there is a conflict between the APA provisions and a specific statutory provision relating to a specific agency. Section 24–4–107, C.R.S. (1988 Repl.Vol. 10A).

The Colorado Medical Practice Act contains detailed and comprehensive provisions setting forth the substantive and procedural requirements which govern disciplinary proceedings before the Board, including detailed notice and hearing requirements. *See* § 12–36–118(5), C.R.S. (1985 Repl.Vol. 5). Although the Medical Practice Act specifically incorporates certain provisions of the APA as a supplement to its provisions, *see* §§ 12–36–117 and 12–36–118, C.R.S. (1985 Repl.Vol. 5), that Act does not expressly incorporate any of the provisions of § 24–4–104(3). To the contrary, § 12–36–118(5)(g)(III) vests broad discretion with the Board in its determination of appropriate disciplinary sanctions for unprofessional conduct. Thus, insofar as the provisions of § 24–4–104(3) conflict with the specific provisions of the Medical Practice Act, the latter are deemed controlling as to professional disciplinary proceedings before the Board. *See People ex rel. State Board of Accountancy v. McFarland,* 37 Colo.App. 93, 543 P.2d 112 (1975); *see also Colorado Rocky Mountain School, Inc. v. Shriver,* 689 P.2d 651 (Colo.App.1984).

Accordingly, the Board's order of suspension is affirmed.

CRISWELL and NEY, JJ., concur.